IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY J. HOPKINS,

                      Plaintiff,                      OPINION AND ORDER

    v.

                                                     18-cv-66-wmc

STATE OF WISCONSIN,
MILWAUKEE SECURE DETENTION FACILITY,
WARDEN, MEDICAL STAFF, GUARDS,

                      Defendants.

---

*Pro se* plaintiff Rodney J. Hopkins is currently incarcerated at the Jackson Correctional Institution. Pursuant to 42 U.S.C. § 1983, Hopkins claims in this lawsuit that the State of Wisconsin, the Milwaukee Secure Detention Facility ("MSDF"), and various of that facility's unnamed medical staff, guards and warden, all violated his constitutional rights by denying him treatment for a lung infection. Hopkins' complaint is subject to initial screening under 28 U.S.C. §§ 1915(e)(2) & 1915A, however, and having failed to exhaust his administrative remedies, his lawsuit may not proceed further.

ALLEGATIONS OF FACT[1]

While housed at the MSDF on a parole hold in January of 2008, Hopkins allegedly told "medical staff" that he had a lung infection and was in pain. Rather than even examining him, however, staff responded that they could not treat him because they did not have his medical records. A few days after he started complaining, Hopkins began

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the following facts based on the allegations in plaintiff's complaint, unless otherwise noted.

vomiting blood and was taken to the hospital. There, Hopkins was told that he would lose his left lung by the coming Friday. However, since he was released from custody prior to that Friday, it appears that Hopkins did not actually receive treatment for his lung at the jail.

OPINION

Plaintiff Hopkins has unsuccessfully attempted to bring this same federal lawsuit at least twice before in the Eastern District of Wisconsin. First, in 2010, he filed a lawsuit bringing the same claim in *Hopkins v. Husz*, Case No. 10-cv-291-WCG (E.D. Wis.). That case was dismissed without prejudice due to Hopkins' failure to exhaust his administrative remedies, since his inmate complaint was untimely and lacked a showing of good cause. (*Id.* (dkt. #31); 2011 WL 2463549, at *2 (E.D. Wis. June 21, 2011).) In 2013, after Hopkins attempted to exhaust his administrative remedies, he filed a second lawsuit in *Hopkins v. Milwaukee Secure Detention Facility*, Case No. 13-cv-1019 (E.D. Wis.). That case was dismissed on the same ground, however, since attachments to the complaint only confirmed that Hopkins still had *not* completed the exhaustion requirement. (*Id.* (dkt. #7) at 5.)

Hopkins appealed this second dismissal to the Seventh Circuit, but that court affirmed the dismissal in *Hopkins v. Milwaukee Secure Detention Facility,* No. 14-2027, slip op. at 3 (7th Cir. Nov. 13, 2014). On appeal, the Seventh Circuit addressed the district court's disposition of both Eastern District lawsuits:

> On appeal, Hopkins generally challenges the district court's ruling that it was precluded from reviewing his efforts in 2008 to exhaust his administrative remedies. But as the court explained, Hopkins contested this issue in his

2

> first § 1983 suit, and is therefore barred from addressing it here by the doctrine of issue preclusion, which prevents relitigation of an issue, already decided and essential to the judgment in prior litigation, by a party represented in that litigation. *See Matrix IV, Inc. v. Am. Nat'l Bank and Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011).
>
> The district court was also correct to dismiss Hopkin's second § 1983 complaint on exhaustion grounds. As the court noted, the face of the complaint and its attachments show that the administrative grievance that Hopkins filed in 2013 did not comply with state law because he did not file it within fourteen days of the underlying conduct. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner must adhere to state procedures and time limits for administrative grievances to exhaust his remedies, otherwise he could sidestep the administrative grievance system entirely by filing an untimely grievances and then contending that he had exhausted administrative remedies. *Pozo*, 286 F.3d at 1023-24.

*Id.* at 4.

In *this* lawsuit, Hopkins acknowledges that his prior § 1983 lawsuits were both dismissed for failure to exhaust, but he does not indicate that he has since corrected that deficiency. Indeed, since the time for doing so administratively appears to have elapsed by the time the Seventh Circuit affirmed the dismissal of plaintiff's second dismissal, he appears unable to exhaust timely. Since "the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complain that the suit can be regarded as frivolous," *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2013), the court is dismissing this case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). It follows that the court will also deny plaintiff's motion for assistance in recruiting counsel.

3

ORDER

IT IS ORDERED that:

1. Plaintiff Rodney Hopkins is DENIED leave to proceed on any claims in this lawsuit, which is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. Plaintiff's motion for assistance in recruiting counsel (dkt. #7) is DENIED.

3. The clerk of court is directed to close this case.

Entered this 26th day of November, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge